```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ASBESTOS PRODUCTS       :     CONSOLIDATED UNDER
LIABILITY LITIGATION (No. VI)  :     UNDER MDL 875
                               :
WAGNER                         :
                               :
                               :     Civil Action No. 08-87085
     v.                        :
                               :
                               :     Transferred from the Southern
VARIOUS DEFENDANTS             :     District of Mississippi
                               :
                               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              May 5, 2011

  Before the Court is Plaintiff's Motion for Reconsideration of this Court's grant of summary judgment in favor of Defendant Volkswagen Group of America, Inc. ("Defendant").

**I. BACKGROUND**

  Defendant moved for summary judgment on the basis that Plaintiff's claims are time-barred.  Plaintiff was diagnosed with lung cancer in 1985, but did not bring suit until 2006, outside of the statute of limitations for personal injury cases under Mississippi law.  (See doc. no. 24.)  The Court granted Defendant's motion, and several Defendants' joinders, as unopposed, as Plaintiff had failed to file a timely response.  (See doc. no. 92.)

1

Plaintiff's Motion for Reconsideration asks the Court to treat Defendant's Motion for Summary Judgment as a <u>partial</u> motion for summary judgment as to Plaintiff's lung cancer claims, but argues that Plaintiff's asbestosis claims are not time-barred.[1]  Plaintiff was not diagnosed with asbestosis until October 14, 2003, and it is undisputed that he filed his claim within three years of this diagnosis.  (Pl.'s Mot., doc. no. 95, at 2-3.)  Plaintiff's Administrative Order 12 submissions contain separate diagnosing information for lung cancer and asbestosis.

## II.  LEGAL STANDARD

A Motion for Reconsideration will be granted when the party seeking reconsideration establishes "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [issued its previous decision]; or (3) the need to correct a clear error of law or fact or prevent manifest injustice."  <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999); <u>North River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995); <u>United States v. Cabiness</u>, 278 F. Supp. 2d 478. 483-84 (E.D. Pa.

---

[1] Plaintiff's motion is styled as a "Motion to Alter of Amend Judgment" under Federal Rule of Civil Procedure 59.  However, the Court did not enter a Rule 59 Judgment in favor of Defendant.  Therefore, the Court will treat Plaintiff's motion as a motion for reconsideration of the Court's grant of Defendant's Motion for Summary Judgment.

2003) (Robreno, J.).  Further, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Plaintiff asserts that granting summary judgment in favor of Defendant amounted to manifest injustice, as the issue of Plaintiff's asbestosis claims was "not raised by Defendant" and Plaintiff's "viable asbestosis claims still remain."  (Pl.'s Mot., doc. no. 95, at 3.)  Indeed, this specific issue was not squarely addressed in Defendant's Motion for Summary Judgment, which discussed only lung cancer claims, and was therefore not considered by the Court in granting summary judgment in favor of Defendant.

However, the question of whether Mississippi is a "two-disease" state was addressed by both parties in briefing the instant Motion for Reconsideration, and is ripe for consideration.

## III. DISCUSSION

The timeliness of Plaintiff's asbestosis claim is contingent on whether Mississippi has adopted the two-disease rule, that is, whether lung cancer and asbestosis are separate and divisible injuries, or if the clock began to run on all of Plaintiff's asbestos-related claims with his first diagnosis.

3

See Kiser v. A.W. Chesterton Co., 11-60039, doc. no. 51 (explaining that "under the indivisible cause of action theory, the statute of limitations for all asbestos-related diseases begins to run at the time of the initial diagnosis or discovery, depending on the jurisdiction, for any asbestos-related disease."). Although the Mississippi Supreme Court has not squarely decided this issue, there is sufficient authority to Erie predict with some measure of confidence that Mississippi is a "two-disease" state.

First, in Gentry v. Wallace, the Mississippi Supreme Court cited with approval the decision in Jackson v. Johns-Manville Sales Corp., 727 F.2d 506 (5th Cir. 1984)("Jackson I"), in which the Fifth Circuit Court of Appeals determined that under Mississippi law, asbestosis and cancer are separate and distinct diseases, with separate statute of limitations periods. 606 So.2d 1117, 1122 (1992). The Mississippi Supreme Court stated, in a medical malpractice context, that "[i]t would disadvantage a plaintiff unfairly and disserve judicial economy to measure the limitations periods for future diseases from the time of manifestation of a separate and distinct disease." Gentry v. Wallace, 606 So.2d at 1122 (citing Jackson I). In addition to fairness to the plaintiff, the court noted that allowing plaintiffs to recover for cancer that had not yet occurred, and may never manifest, would serve to make manufacturers "insurers

4

of their products," contrary to the public policy of the state of Mississippi.  Id. at 1122.  The Gentry court concluded that wrongful death and personal injury actions arising out of the same alleged negligent medical care have separate statute of limitations periods because the claims "accrue" at separate times: the former action upon the death, and the latter upon the discovery of negligent conduct.  Id.  The Court cited Jackson I to support the proposition that divisible causes of action are subject to separate statute of limitations periods.

At the time the Mississippi Supreme Court relied on Jackson I, the Fifth Circuit Court of Appeals, sitting en banc, had reversed the Jackson I holding.  Following the Mississippi Supreme Court's denial of the Fifth Circuit's certification of questions, the Fifth Circuit was required to make an "Erie-guess" as to Mississippi state law on this issue and in doing so reversed Jackson I.  In Jackson v. Johns-Manville Sales Corp., 781 F.2d 394 (5th Cir. 1986)("Jackson II"), the court held that plaintiff could recover fear of cancer damages but that, having done so, he could not later recover more if he developed cancer. 781 F.2d 394 at 412.  However, the court specifically stated that it was not deciding when plaintiff's statute of limitations for cancer claims began to run, as the issue was not before the court and was therefore "an issue which we need not decide."  Id. at 412, n. 21.  Rather, the court simply held that a plaintiff is

"<u>permitted</u> to recover for all probable future manifestations" of exposure to asbestos upon bringing a claim for asbestosis, but not that a plaintiff <u>must</u> bring a fear of cancer claim at the outset or lose the right to recover for cancer at a later time. <u>Id.</u> at 412 (emphasis added).

Defendant relies on <u>Jackson II</u> to support its contention that Mississippi is a "one-disease" state. However, the Mississippi Supreme Court, given the choice between <u>Jackson I</u> (separate diseases) and <u>Jackson II</u> (leaning towards one disease), apparently chose to endorse <u>Jackson I</u> as a correct statement of Mississippi law.

Second, in more recent toxic tort cases, the Mississippi Supreme Court has confirmed that "Mississippi has not recognized a cause of action for fear of future disease" and has excluded expert testimony establishing Plaintiff's fear of disease development. <u>Beech v. Leaf River Forest Products, Inc.</u>, 691 So. 2d 446, 451 (Miss. 1997). The denial of fear of cancer evidence is predicated upon the understanding that a cancer claim can be brought if cancer later develops. Thus, the guidance of the Mississippi Supreme Court on this issue appears to be that (1) asbestosis and cancer are separate and distinct diseases which trigger separate statute of limitations periods and (2) a plaintiff cannot recover fear of cancer damages upon a diagnosis of asbestosis.

6

In summary, under Mississippi law, because the pathology and manifestation of asbestosis and cancer are distinct and separate, a plaintiff's claim for injuries due to asbestos exposure accrues upon the discovery and diagnosis of each separate and distinct disease. As a number of jurisdictions have recognized, this is preferable to the one-disease approach, which "put[s] upon plaintiff the uneasy burden of instituting a claim for injuries unknown and unknowable as of the time of initial exposure to the potential pathogen." Jackson, 727 F.2d at 519 (Jackson I); see also Marinari v. Asbestos Corporation Ltd., 612 A.2d 1021, 1024 (Pa. Super. Ct. 1992)(explaining that a two-disease rule is preferable because asbestosis and asbestos-related cancer "do[] not occur as a seamless progression of a single pathology. Instead, exposure to asbestos may result in a variety of benign and malignant conditions, each of which may occur at widely divergent times.") But see Kiser v. A.W. Chesterton Co., 11-60039, doc. no. 51 (Robreno, J.)(finding that Virginia is a one-disease state for statute of limitations purposes in asbestos cases).

The Court recognizes that the instant case presents an anomalus situation, as Plaintiff's asbestosis diagnosis came after a cancer diagnosis. Regardless, Plaintiff's lung cancer and asbestosis are "separate and distinct diseases." Gentry, 606 So.2d at 1122. A diagnosis of lung cancer followed by a

diagnosis of asbestosis is clearly not a "seamless progression of a single pathology," but rather two separate diseases, manifested at two separate times, giving rise to two separate causes of action. Therefore, the principles of fairness and judicial economy espoused by the Mississippi Supreme Court, Id. at 1123, are best served by the application of the two-disease rule to this case, regardless of the order of diagnoses.

It could be argued that, because the two-disease rule is in line with traditional discovery rules, see Jackson I, upon a malignant diagnosis, a plaintiff has a duty to inquire as to whether any non-malignant conditions are manifest. However, that argument has not been raised or briefed in the instant case. Defendant has relied exclusively on a one-disease argument, and has made no showing that this Plaintiff actually had asbestosis in 1985 or that his lung cancer diagnosis was specific enough to trigger an obligation to investigate into asbestosis. Based on the divergent pathologies, it would be inappropriate to dismiss Plaintiff's more recent asbestosis claim based solely on an earlier lung cancer diagnosis.

**IV. CONCLUSION**

Plaintiff's Motion for Reconsideration in the instant case will be granted because it would amount to manifest injustice to dismiss all of Plaintiff's claims based only on

8

Defendant's Motion for Summary Judgment on Plaintiff's lung cancer claim.

As the clock for any claims relating to lung cancer began to run upon Plaintiff's diagnosis in 1985, it is abundantly clear that Plaintiff's lung cancer claim is time-barred.  Under these circumstances, the Court will treat its grant of Defendant's Motion for Summary Judgment as a partial grant of summary judgment on Plaintiff's lung cancer claims. Plaintiff's asbestosis claim is not time-barred, as Plaintiff filed a claim within three years of being diagnosed with asbestosis in compliance with Miss. Code Ann. § 15-1-49.

For these reasons, Plaintiff's Motion for Reconsideration will be granted.

An appropriate Order follows.